UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS PAGAN

CIVIL CASE NO.
3:13cv166 (JCH)

v.

MICHAEL PAFUMI, ET AL.                         MAY 14, 2013

**RULING AND ORDER RE: MOTION FOR PRELIMINARY INJUNCTION
(DOC. NO. 3) AND INITIAL REVIEW OF COMPLAINT (DOC. NO. 1)**

The plaintiff, Luis Pagan, is currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He filed this civil action pro se pursuant to 42 U.S.C. § 1983. Pagan names the following individuals as defendants: Lieutenants Michael Pafumi and Bujnicki, Captains Dennis Marinelli and Nelson Correa, Warden Edward Maldonado, Correctional Officer Raines and District Administrator John Doe. As a preliminary matter, the court considers Pagan's motion seeking injunctive relief.

**I.    MOTION FOR INJUNCTIVE RELIEF [DOC NO. 3]**

Pagan states that he is in danger of being attacked by other prisoners, particularly by inmates in a security risk group of which he is no longer an active member. He claims that he was recently assaulted by a cellmate based on rumors circulated by defendants Pafumi and Correa that he is a snitch and a child molester. He alleges that other inmates at Northern Correctional Institution ("Northern") have verbally threatened to harm him.

He asks that the defendants place him on single cell status and either ensure that he has no contact with gang members or remove him from Security Risk Group Threat Member status.

The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution.  See Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976) (fact that inmate "no longer incarcerated at Auburn, his request for injunction restraining officials at Auburn from violating his civil rights is moot").  Pagan is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut.  Accordingly, the court concludes that Pagan's request for injunctive relief pertaining to conditions of confinement at Northern is moot.

Furthermore, the court must have in personam jurisdiction over an individual before it can validly enter an injunction against him or her.  See Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . binds only [those] who receive actual notice of it by personal service or otherwise . . . .").  To the extent that Pagan seeks injunctive relief from prison officials at MacDougall-Walker Correctional Institution, the court lacks in personam jurisdiction over them.  All defendants are identified as working at Northern, except for one defendant, who is identified as working at Enfield.  Thus, the court cannot enjoin their actions.  For all of

the reasons above, the Motion for Injunctive Relief (Doc. No. 3) is denied.

## II.     COMPLAINT

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. This requirement applies both where the inmate has paid the filing fee and where he is proceeding in forma pauperis. See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to

meet the standard of facial plausibility.

Pagan alleges as follows: On December 26, 2011, at Northern, his cellmate assaulted him, causing injuries to his lips, teeth and face. Prior to the assault, defendants Pafumi and Correa repeatedly told Pagan's cellmate that Pagan was a snitch and a child molester. Pagan claims that the assault was the result of his cellmate's belief that Pagan was a snitch and child molester.

Pagan did not seek assistance or treatment for his injuries until defendant Raines walked by Pagan's cell after the assault. Defendant Raines noticed blood on Pagan's shirt and asked what happened. Pagan related that he had fallen from his bunk and asked for medical treatment. Defendant Raines said that he would call the medical department to come down and evaluate Pagan.

A nurse from the medical department arrived forty-five minutes later and escorted Pagan to the medical unit. The nurse examined and evaluated Pagan's injuries, but determined that Pagan would require treatment at the University of Connecticut Health Center ("UCONN"). Defendant Raines escorted Pagan back to his cell to await transport to UCONN.

Approximately two hours later, officers transported Pagan to UCONN. Pagan informed the nurse that he had sustained his injuries when he fell from the bunk in his cell. A physician treated Pagan's injuries, but informed him that the damage to his teeth would have to be addressed by the dental department at Northern.

Upon his arrival back at Northern, medical staff evaluated Pagan and escorted him to a cell in the medical unit. Medical staff prescribed medication, ice packs for the pain, and a liquid diet. Dental staff examined and treated Pagan at a later date.

In January 2012, Pagan received a written apology from the inmate who had attacked him.  In the letter, the inmate indicated that defendants Pafumi and Correa had repeatedly told him that Pagan was a child molester or a snitch, but he now realized that information was untrue.

On January 23, 2012, defendant Pafumi told other inmates that Pagan was a snitch.  Pagan wrote to defendant Marinelli informing him of defendant Pafumi's comments made on January 23, 2012.  Defendant Marinelli responded that defendant Pafumi had denied any unprofessional conduct and that Pagan had instigated any harassment against him.  Pagan also wrote to defendant Maldanado, but Maldanado did not respond to Pagan.

Defendant Bujnicki issued Pagan a disciplinary ticket for fighting with his cellmate.  Prison officials subsequently dismissed the ticket.

Pagan filed a grievance about the December 2011 assault and the false rumors disseminated by defendant Pafumi in January 2012.  In response, Warden Maldonado indicated that there was no evidence to support Pagan's allegations.  Pagan appealed the denial of the grievance.  District Administrator John Doe denied the appeal because Pagan's allegations could not be substantiated.

Pagan claims that defendant Raines should have removed him from the cell after observing blood on his shirt and suspecting that he had been in a fight with his cellmate. Pagan also alleges that defendant Bujnicki should have removed him from his cell during the time period he was waiting to be transported to UCONN.  Pagan concedes, however, that he told all correctional and medical personnel at Northern and UCONN that he had sustained his injuries when he fell from his bunk.  There is no allegation that

5

Pagan put any of the defendants on notice that he might suffer further injury from his cellmate if he remained in the cell after he was allegedly assaulted by the cellmate. Thus, Pagan has not alleged that any of the defendants were deliberately indifferent to his safety when they did not immediately remove him from the cell after they became aware of his injuries or when they escorted him back to this cell to wait to be transferred to UCONN later that morning. The claims against defendants Raines and Bujnicki for deliberate indifference to his safety are therefore dismissed.

Pagan's claim that defendant Bujnicki issued him a disciplinary report for fighting with his cellmate fails to state a claim upon which relief may be granted. False accusations, without more, are not cognizable in a section 1983 action. Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). Furthermore, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986) (citation omitted). An inmate's protection against false accusations lies in the procedural due process requirements to be applied by prison officials who conduct the disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

Here, Pagan concedes that the disciplinary ticket was subsequently dismissed. Thus, the claim of false accusations against defendant Bujnicki lacks an arguable legal basis and is dismissed. See 28 U.S.C. § 1915A(b)(1).

Pagan asserts no other claims against defendants Raines and Bujnicki. Thus, all

6

claims against defendants Raines and Bujnicki are dismissed.  See 28 U.S.C. § 1915A(b)(1).

Pagan contends that defendants Correa and Pafumi spread rumors about him in retaliation for his filing of another lawsuit against them in July 2011.  See Pagan v. Quiros, et al., 3:11cv1134 (JCH).  This allegation lacks a plausible basis.

Prison officials may not retaliate against inmates for exercising their constitutional rights.  To state a retaliation claim, a plaintiff must show that his conduct was protected by the Constitution or federal law and that this protected conduct was a "substantial or motivating factor" in the alleged retaliatory action by prison officials.  Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003).  Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient.  See Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 2003).

Pagan alleges no facts to suggest that the accusations by defendants Pafumi and Correa that he was a snitch and a child molester were made in retaliation for his filing a lawsuit in July 2011 against them.  Pagan simply concludes that the accusations must have been made for retaliatory reasons.  See Complaint (Doc. No. 1) at 11.  Thus, Pagan has failed to plausibly allege a causal connection between the allegedly untrue statements made by defendants Pafumi and Correa and his filing of a prior lawsuit against them.  The conclusory allegations of retaliation fail to state a claim upon which relief may be granted and are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

After careful review, the court determines that the case will proceed at this time as to claims against defendants Pafumi and Correa based on when they allegedly

spread false rumors about Pagan that led to his assault by a cellmate and the claims that defendants Marinelli, Maldonado and Doe were deliberately indifferent to his safety when they failed to take any action to correct or investigate this conduct after they were made aware of it through letters and grievances.

To the extent that Pagan seeks monetary damages from these defendants in their official capacities, the request is barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342–43 (1979) (noting that section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against defendants Pafumi, Correa, Maldonado, Marinelli, and Doe, in their official capacities, are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### III.    ORDERS

The court enters the following orders:

(1)    The Motion for Injunctive Relief [**Doc. No. 3**] is **DENIED**. All claims against defendants Raines and Bujnicki are **DISMISSED**. See 28 U.S.C. § 1915A(b)(1). The claims for monetary damages against defendants Pafumi, Correa, Maldonado, Marinelli, and Doe, in their official capacities, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

The claims of deliberate indifference to Pagan's safety will proceed against defendants Pafumi, Correa, Marinelli, Maldonado, and Doe, in their individual capacities and in their official capacities, to the extent that Pagan seeks injunctive and declaratory

relief.

(2) Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on defendants Pafumi, Correa, Marinelli and Maldonado in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each of the following defendants: Michael Pafumi, Nelson Correa, Dennis Marinelli, and Edward Maldonado, in his individual capacity, and mail waiver of service of process request packets to each defendant in his individual capacity at his current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this Order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

(8)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     Pagan is hereby notified that the U.S. Marshal cannot serve the complaint on defendant District Administrator John Doe.  Pagan will have sixty (60) days from the date of this Order to conduct discovery and file a notice identifying this defendant by name.  If Pagan fails to file a notice within the time specified, the claims against John Doe will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P., and the case will proceed only as to the claims against defendants Pafumi, Correa, Marinelli and Maldonado.

(10)    If Pagan changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Pagan must give notice of a new address even if he is incarcerated.  Pagan should write "PLEASE NOTE MY NEW ADDRESS." It is not enough to just put the new address on a letter without indicating that it is a new address.  If Pagan has more than one pending case, indicate the case numbers in the notification of change of address.  Pagan should also notify the defendant(s) or the

attorney for the defendant(s), if appropriate, of his or her new address.

**SO ORDERED**.

Dated at New Haven, Connecticut this 14th day of May, 2013.

                                                      /s/ Janet C. Hall
                                                     Janet C. Hall
                                                     United States District Judge